## TERRILL v. GROVES et al.

UNDER the Revenue Act of 1857, several city lots cannot be assessed in gross for taxes, and then sold together for the aggregate amount of the tax. A tax deed based on such sale is void. The intention of the act is that each lot shall be separately assessed and valued, so as to bear its own portion of the public burdens.

APPEAL from the Fifth District.

Ejectment for lots two, six, thirteen and fourteen, in block twenty-eight, in the city of Stockton.    Plaintiff claims under a tax deed from the Tax Collector of San Joaquin county.    The answer denies the regularity of the tax proceedings, and pleads payment of the tax.

On the first Monday in April, 1858, at the time of the assessment, these lots, with others in Stockton, belonged to one Alonzo Green, a nonresident.    The whole was valued at $1,050, and

Terrill *v.* Groves.

assessed at nineteen dollars and forty-two cents, and set forth on the assessment roll as follows :

| Name. | Lots. | Blk | Val | Imp. on Lots. | Total Val. | State | | | | | | Total Tax | Remarks. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Alonzo Green. | 2 | | | | | | | | | | | | |
| do. | 6 | | | | | | | | | | | | |
| do. | 13 & 14 | 28 E | 600 | 200 | | | | | | | | | |
| do. | 4 | 37 E | 150 | | | | | | | | | | |
| do. | 6 | 57 E | 100 | | $1,050 | 6 30 4 41 | | | 84 1 37 | 3 15 | 1 26 | $19 42 | PAID. |

On the trial, plaintiff read in evidence (defendants objecting) a deed from the Tax Collector, which purported to convey the property of Alonzo B. Green, and also a Tax Collector's certificate of purchase.

Subsequent to the assessment, Green sold four of the lots, those in controversy, to P. E. Conner, one of the defendants.

The lots were not all in a body ; those the subject of this action were in block twenty-eight, as follows :

BLOCK No. 28.

The improvements consisted of a barn on one of the lots. The other lots were in different blocks, as per the assessment roll. Plaintiff had judgment; defendants appeal.

*O. M. Brown*, for Appellants, to the point that the sale for taxes and the deed made in pursuance thereof are void, because the lots were not assessed, valued and sold separately, cited Revenue Act of April 1857, sec. 4; *Shimmin v. Inman*, 26 Me. 218; *Willey* v.

Terrill *v.* Groves.

*Scoville's Lessee*, 9 Ohio, 43 ; Black. Tax Title, 184, 192 ; *Hodge* v. *Wilson*, 12 Sm. & M. 498 ; *Hayden* v. *Foster*, 13 Pick. 492 ; *Baskins* v. *Winston*, 24 Miss. 431 ; *Ainsworth* v. *Dean*, 1 Foster, 400 ; *Stead's Executors* v. *Course*, 4 Cranch, 403 ; *O'Brien* v. *Coulter*, 2 Blackf. 421 ; *Isaacs* v. *Gearhart*, 12 B. Mon. 231 ; *Tiernan* v. *Wilson*, 6 Johns. Ch. 411.

*D. W. Perley*, for Respondent, argued that the lots constituted one piece of property, owned by one individual, and could therefore be assessed and sold in gross, just as a whole block, if owned by one person, could be so assessed and sold.

BALDWIN, J. delivered the opinion of the Court—FIELD, C. J. and COPE, J. concurring.

Ejectment for several lots in a certain block in the city of Stockton. The plaintiff claims under a tax deed. It seems that these lots were assessed as the property of one Alonzo Green. They were separately listed, but valued jointly, and the aggregate tax on all of them, and of two other lots in other blocks, set down. The lots sued for were contiguous to each other, and formed a part of block number twenty-eight on the plan of the city. These lots were put up and sold together for the aggregate amount of this tax. The appellants contend that this was illegal, and that the sale and the consequent deed were void ; and we are of the same opinion.

The Act of April, 1857, under which these proceedings were taken, in the fourth section provides that the Assessor shall set down in his assessment book : 1, the names of all taxable inhabitants ; 2, all real estate and improvements on public lands taxable to each, giving the metes and bounds, or describing by lots or fractions of lots ; 3, the cash value of all improvements on real estate, etc. We think the true meaning of the provision is, to require a separate assessment and valuation of each lot in cases like this of city property. If a man owned a hundred lots, or if, after the assessment, he sold some of them, and it became necessary or desirable to pay the taxes on a part of the property, it would be impossible to do so without paying the full amount assessed. It was

evidently the intention of the statute that each lot should be made to bear its own portion of the public burthens, and a great deal of confusion and injustice would grow out of a gross assessment of several lots, and a sale in gross for the payment of the general tax. This construction seems to be given to the provisions of statutes not very dissimilar in Maine and Ohio, (26 Maine, 218, and 9 Ohio, 43) and we think it warranted by the language of our own act.

It is not necessary to notice other points, for this goes to the foundation of the action.

Judgment reversed and cause remanded.