[ No. 1833. In Bank.—June 6, 1896.]

## H. M. COOPER, Respondent, v. WILLIAM MILLER ET AL., Appellants.

TAXATION—IRRIGATION DISTRICT—VALIDITY OF TAX DEED—PRIMA FACIE EVIDENCE.—Under section 30 of the irrigation act of 1887, a tax deed executed by the tax-collector of an irrigation district for a delinquent tax levied by its board of directors is *prima facie* evidence of the validity of the assessment and levy, and of the regularity and official character of the proceedings for the sale, and of the deed, provided only that the deed recites the matter recited in the certificate of sale, and is duly acknowledged or proved.

ID.—ASSESSMENT OF IMPROVED LOTS IN ONE PARCEL — LIVERY STABLE.— Where the land sold for taxes consists of five adjoining lots, all belonging to the same owner, upon which a livery stable is situated which extends over and upon each of the lots, the entire five lots are to be considered as but one single parcel of land, for the purposes of taxation, and an assessment of them as such is valid, and the sale and deed for delinquent taxes regularly based thereon, confers a title.

ID.—LEVY FOR DIFFERENT OBJECTS.—A levy for different objects may be incorporated in one order of the board of directors of an irrigation dis-

trict; and an order for a levy of a specified sum for a bond fund to pay interest on the bonds of the district may be incorporated with an order for a levy of another specified sum for a general fund to defray the expenses of management, repairs, improvements and the salaries of officers and employees.

ID.—LEVY FOR SPECIAL PURPOSES—ELECTION—PRIMA FACIE EVIDENCE—PRESUMPTION.—Although an election is essential to the validity of the levy of a tax for special purposes in an irrigation district, yet where a tax deed is offered in evidence which proves *prima facie* the regularity and validity of the levy, if there is no evidence whatever upon the subject of an election, it must be presumed that an election was held according to law to authorize the levy.

ID.—ORDER FOR LEVY—ABSENCE OF RECITAL OF ELECTION.—The order of levy is not required to recite the fact of a previous election, nor would a recital thereof bind the owner of the land assessed; and the absence of a recital in the order that an election had been previously held is no evidence that an election was not held authorizing the board to make the levy.

ID.—EVIDENCE—ASSESSMENT OF OTHER PROPERTY.—In an action involving the validity of the assessment of the particular property, evidence as to the manner and character of the assessment of other property situated within the district is immaterial.

ID.—EJECTMENT—TAX DEED—PLEADING ISSUE AS TO PAYMENT—EVIDENCE—FINDING OF OWNERSHIP.—In an action of ejectment upon a complaint in the ordinary form, where the title of plaintiff depends upon the validity of a tax deed, an answer denying plaintiff's ownership, and setting up payment of the tax to defeat plaintiff's tax title, raises no material issue as to such payment requiring a finding thereon, but payment or nonpayment of the tax is mere matter of evidence admissible under the general denial of title; and nonpayment of the tax is sufficiently proved *prima facie* by the production of the tax deed; and a finding of ownership of the plaintiff involves a finding of non-payment of the assessment.

ID.—OWNERSHIP THE ULTIMATE FACT—EVIDENCE UNDER GENERAL DENIAL—ALLEGATIONS AMOUNTING TO A DENIAL—FINDINGS.—In an action of ejectment ownership is the ultimate fact to be tried, and, under a general denial, the defendant may prove any fact going to show that the plaintiff had no rights of entry at the commencement of the action, and any allegations in the answer which only amount to a denial of the plaintiff's title need not be separately embodied in the findings.

APPEAL from a judgment of the Superior Court of Colusa County and from an order denying a new trial: E. A. BRIDGFORD, Judge.

The facts are stated in the opinion of the court.

*H. M. Albery*, and *K. Albery*, for Appellants.

The district assessor assessed and listed five separate and distinct town lots in one group; placed but one

valuation upon the entire group, and but one valuation upon the improvements upon the whole number of lots. It was an illegal assessment. (Wright Act, sec. 18; *Terrill* v. *Groves,* 18 Cal. 149; *Bidleman* v. *Brooks,* 28 Cal. 73; *People* v. *Hollister,* 47 Cal. 411; *People* v. *Clunie,* 70 Cal. 505; *Cadwalader* v. *Nash,* 73 Cal. 49; Cooley on Taxation, 279, 280; Blackwell on Tax Titles, 272, 273; Burroughs on Taxation, sec. 96, p. 212; *Knott* v. *Peden,* 84 Cal. 303; *Romig* v. *La Fayette,* 33 Ind. 30; *Marx* v. *Hanthorn,* 148 U. S. 185; Pol. Code, sec. 3650.) The assessment being illegal, the *prima facie* case made by the deeds, conceding them to be sufficient in form, is overthrown. (*Bidleman* v. *Brooks, supra.*) The levy of assessments upon which plaintiff's tax deed is based was illegally made, because two assessments, one general, the other special, were attempted to be combined in one levy (Wright Act, secs. 22, 37, 41; *Tillotson* v. *Webber,* 96 Mich. 144); and because a special assessment was attempted to be levied without the authority of the electors (Cooley on Taxation, 216, 218; *Tregea* v. *Owens,* 94 Cal. 319; *Tillotson* v. *Webber, supra; Farrington* v. *New England etc. Co.,* 1 N. Dak. 102; *Hecock* v. *Van Dusen,* 80 Mich. 359; *McLaughlin* v. *Thompson,* 55 Ill. 249; *Gage* v. *Pumpelly,* 115 U. S. 462; *Axtell* v. *Gerlach,* 67 Cal. 483; *Boston Tunnel Co.* v. *McKenzie,* 67 Cal. 490); and the order of the board of directors attempting such levy discloses no vote of electors authorizing the board to make the levy for special purposes. (*Newaygo County Mfg. Co.* v. *Echtinaw,* 81 Mich. 416; *Harding* v. *Bader,* 35 Mich. 316; *Auditor General* v. *McArthur,* 87 Mich. 457; Dillon on Municipal Corporations, secs. 51, 551, and notes; *Hughes* v. *Cannedy,* 92 Cal. 386; Stats. 1887, p. 40.) The allegations in the answer of payment created a material issue. The failure of the court to find upon the question is reversible error. (*Samuel* v. *Allen,* 98 Cal. 408; Deering's Code Civ. Proc., secs. 632, 633, and note; *Dowd* v *Clarke,* 51 Cal. 263.) A sale of the property after the payment of taxes thereon is void. (*Lefebre* v. *Negrotto,* 44 La. Ann. 792; *Capital City Gas etc. Co.*

v. *Charter Oak Ins. Co.*, 51 Iowa, 31.   See, also, *Joslyn*
v. *Rockwell*, 128 N. Y. 334.)

*W. C. Belcher*, and *J. W. Goad*, for Respondent.

Plaintiff's tax deed was *prima facie* evidence of every
fact necessary to entitle him to recover.   (*Rollins* v.
*Wright*, 93 Cal. 395;  *Wright* v. *Dunham*, 13 Mich. 414;
*Colman* v. *Shattuck*, 62 N. Y. 348, 358; *Genther* v. *Fuller*,
36 Iowa, 604.)   The assessment was not void or illegal,
because different lots mentioned were not separately as-
sessed, valued, and taxed.   (*Bidleman* v. *Brooks*, 28 Cal.
72; *Weaver* v. *Grant*, 39 Iowa, 294;  *Hall* v. *Dodge*, 18
Kan. 277, 280; *People* v. *Culverwell*, 44 Cal. 620; *Cadwal-
ader* v. *Nash*, 73 Cal. 43; *Albany etc. Co.* v. *Meriden*, 48
Conn. 243.)   The levy was not invalid because assess-
ments for more than one purpose were included therein.
(Stats. 1887, secs. 22, 37, p. 29;  Pol. Code, sec. 3731.)
The record does not show that the special assessment
was not authorized by a special election called and held
for that purpose.   The burden was on defendants to show
that no such election was held.  (*Rollins* v. *Wright, supra;*
*Wright* v. *Dunham, supra;  Coleman* v. *Shattuck, supra;*
*Genther* v. *Fuller, supra.*)   Unless expressly required by
statute, a public board need not recite its prior acts,
even when such acts are essential to its jurisdiction;
and such a recital, if not required by the statute,
is not even *prima facie* evidence of the facts recited.
(*People* v. *Hagar*, 49 Cal. 229.)   The findings cover all
the material issues.   In actions to recover possession of
land, where the plaintiff claims title, the ownership of
the plaintiff is the ultimate fact.   (*Payne* v. *Treadwell*,
16 Cal. 220, 242–47.)   Under a general denial, defend-
ant may prove any fact going to show that the plaintiff
had no right of entry at the time of the commencement.
of the action (*Semple* v. *Cook*, 50 Cal. 26, 29;  *Thomp-
son* v. *Thompson*, 52 Cal. 154; *Clink* v. *Thurston*, 47 Cal.
21, 27, 29), and particularly facts tending to show the
invalidity of a tax deed under which plaintiff claims.
(*Roberts* v. *Chan Tin Pen*, 23 Cal. 260.)

GAROUTTE, J.—This is an action of ejectment to recover possession of certain town lots. Plaintiff's claim of title is based upon a tax deed, executed by the tax-collector of Central Irrigation District, upon a sale for a delinquent tax levied by the board of directors of said district. Defendants appeal from the judgment and order denying their motion for a new trial, and claim that the assessment, levy, sale, and deed made thereunder are void.

Section 30 of the irrigation act (Stats. 1887, p. 40) provides: "The matter recited in the certificate of sale must be recited in the deed, and such deed duly acknowledged or proved is *prima facie* evidence that: 1. The property was assessed as required by law; 2. The property was equalized as required by law; 3. That the assessments were levied in accordance with law; 4. The assessments were not paid; 5. At a proper time and place the property was sold as prescribed by law, and by the proper officer; 6. The property was not redeemed; 7. The person who executed the deed was the proper officer.".

Invoking these provisions of the statute, plaintiff introduced his deed in evidence as establishing a *prima facie* case of title in himself, and rested.

It is claimed that the assessment is void because the five town lots were assessed in one parcel with one valuation upon the whole parcel, and one valuation for the improvements upon the entire parcel. The lots were also sold in one parcel for the nonpayment of the tax. Section 18 of the irrigation act provides that the assessor must assess "all the property in the district, and must prepare an assessment-book with appropriate headings, in which must be listed and specified in separate columns under the appropriate head: . . . . 3. City and town lots, naming the city or town, and the number of lot and block, etc., and the improvements thereon."

Is this assessment void as violative of the foregoing requirements of the law? The provisions of this act as to the manner and character of the assessment are dupli-

cated from the provisions of the Political Code pertain-
ing to assessments levied for the purposes of state and
county taxation, and defendants, to support their con-
tention, rely upon various decisions of this court made
in the construction of those provisions of the Political
Code.   The principal case may be said to be *Terrill* v.
*Groves*, 18 Cal. 149.   There the assessment was held to
be void.   But that case is widely variant in its facts
from the case at bar.   There town lots in two distinct
and separate blocks, not even contiguous, while valued
separately, were carried out upon the roll in a lump
assessment, and a single tax charged up against the
lots as a whole.   In addition to these salient facts, upon
one lot there were improvements, and the tax upon these
improvements was charged against all the land.   In *Peo-*
*ple* v. *Morse*, 43 Cal. 534, it was held that an entire block
or a half block owned by a single individual might be
assessed in one parcel, and this notwithstanding the
blocks were divided into lots, and in sound reason there
is no more cause for assessing a block of land owned by
one party in lots, than there is in assessing a section of
land owned by a single individual in eighty or one hun-
dred and sixty acre tracts.   The land involved in this
litigation consisted of five lots, with a frontage of twenty-
five feet each, adjoining, and all belonging to the defend-
ant Miller.   A livery stable was situated upon these lots,
and extended over and upon each of them.   Upon such
a state of facts we are clear that for the purposes of tax-
ation the entire five lots should be held to be but a single
parcel of land, and so assessed.   With a building rest-
ing upon them all, any other kind of assessment would
be improper.   To divide the improvement into fifths,
and assess an undivided one-fifth thereof upon each lot,
would be a practice not contemplated by the law.   To
hold that the statute requires that the land upon which
the Palace Hotel of this city, or any other large build-
ing, is situated should be assessed by lots, and the im-
provements assessed and apportioned in undivided parts
to each lot, would be to declare an absurdity existing in

law, where there is no reason whatever for it. The case of *Weaver* v. *Grant,* 39 Iowa, 294, is directly in point upon this question, and by its syllabus declares: "The use and nature of the property must determine whether or not several lots assessed to one owner and sold *en masse* should be regarded as one lot. Where two lots were occupied and used for one purpose, the buildings being partly on each, it was held that they might be sold for taxes together."

The board of directors of the district is empowered by section 22 of the act to levy assessments to pay interest upon the bonded indebtedness, and by section 33 the board of directors is also authorized to levy assessments for special purposes therein named. Upon October 1, 1889, the board passed the following order and resolution:

"*Whereas,* the assessment-roll of Central Irrigation District for the year 1889–90 has been completed and the assessment on the property mentioned therein equalized, and there being two hundred and ninety-two bonds of the district of the par value of five hundred dollars each now outstanding on which the annual interest from July 1, 1889, to July 1, 1890, aggregates the sum of eight thousand seven hundred and sixty dollars, it is by the board of directors of said district now here ordered that an assessment sufficient to raise the annual interest on the aforesaid outstanding bonds and to defray the expenses of the care, operation, management, repair, and improvement of such portions of the canal and works as are completed and in use, including the salary of officers and employees, be, and the same is hereby, levied and ordered collected on each one hundred dollars on the assessed valuation of the property of the Central Irrigation District for district purposes as aforesaid, for the second fiscal year 1889–90, as follows, to wit: For bond fund, thirty cents; for general fund, twenty cents; total assessment, fifty cents on each one hundred dollars."

It is now claimed by defendants that the aforesaid order

is void upon the ground, that a double levy, or a levy for a double object and purpose, is joined in one order of the board. There is nothing in this objection. It is plainly apparent from the order what action was taken by the board. There was no reason why a levy for two different objects could not be incorporated in one order, and here the amount and character of each levy is fully and clearly set forth.

It is claimed that the levy for special purposes was in excess of the power of the board, inasmuch as the electors of the district at an election held for that purpose had not authorized the board to make it. It is conceded that if no election was held that fact would be fatal to the validity of this levy. (*Tregea* v. *Owens,* 94 Cal. 317.) But defendants offered no evidence whatever upon the question of an election, and, plaintiff having established a *prima facie* case by the introduction of his deed, in the absence of other evidence we are bound to assume that an election as authorized by law was held, for the deed is made by statute *prima facie* evidence that the assessments were levied in accordance with law.

It is claimed that the order of the board of directors in making the levy contains no recital that an election had been previously held, and therefore it must be assumed that no election was held. While it is true that the election is a condition precedent to the making of a valid levy by the board, yet there is no statute requiring the order of levy to recite the fact of a previous election, and, on principle, there is no reason why it should do so. If such recital was contained in the order it would not be conclusive upon the owner of the land assessed. He could still go behind it and show its falsity. It is the fact of the election, and not a statement in the order that an election was held, which gives the board power to make the levy. Unless some provision of law required such a recital to be set out in order making the levy, the absence of it is no evidence that an election was not held authorizing the board

act in the premises. Although the election is a condition precedent to the making of the levy, there are many other conditions precedent of equal importance and gravity, as that the property must be assessed as required by law, or the property must be equalized as required by law. No levy would be valid unless these things were done; yet a recital of them in the order would not conclude inquiry as to the truth or falsity of the recital. These views are fully supported by *People* v. *Hagar*, 49 Cal. 229. Counsel cite a few Michigan cases as supporting his contention. We think they fail to reach the mark, but, aside from that, there is no such rule of law.

It is insisted that the collector's deed, when offered in evidence by plaintiff, should have been rejected as invalid upon the ground that the assessment of the entire five lots as one parcel of land rendered it void. We have disposed of this objection in discussing the first proposition advanced. A great portion of the examination of the witness Welch related to the manner and character of the assessment of other property situated within the district. Such evidence was clearly objectionable as immaterial, and, as to the other matters upon which he was questioned, we see no error in the record.

The complaint in this case is the simple and ordinary complaint in ejectment. The answer contains a denial of ownership, and, among other things, alleges that the assessment was fully paid and discharged prior to the sale. At the trial evidence was introduced upon this question of payment, and defendants now claim that the allegation in the answer of payment created a material issue, and that the trial court has failed to make any finding of fact thereon. This contention is unsound. The allegation of payment is not a material allegation in the pleading. Payment or nonpayment was a mere matter of evidence. Under the general denial defendants were entitled to prove payment of the assessment, and, such being the fact, the allegation was not material or neces-

sary.   Plaintiff introduced his deed, and thereby established the fact *prima facie* that the assessment was not paid.   It was a material part of his case to show nonpayment, and he showed it by an introduction of the deed.   When the court made a finding of fact that plaintiff was the owner of the land it necessarily followed that the deed was a valid deed; and, finding that the deed was a valid deed and carried title, it necessarily found as a fact that the assessment had not been paid prior to the sale.   Ownership was the ultimate fact to be tried, and, under a general denial, defendants might prove any fact going to show that plaintiff had no right of entry at the commencement of the action.   The allegation of the answer that defendant had paid the assessment, and all other kindred allegations contained in the answer, only amounted to a denial of plaintiff's title.

For the foregoing reasons the judgment and order are affirmed.

HARRISON, J., MCFARLAND, J., TEMPLE, J., and HENSHAW, J., concurred.