[L. A. Nos. 4434, 4435. Department Two.—January 30, 1919.]

## THORNHILL FRANCIS BROOME, Plaintiff and Respondent, v. FRANCES BROOME, Defendant and Appellant; MONTAGUE WATSON BROOME et al., Defendants and Respondents.

PARTITION—MUNIMENT OF TITLE—DECREE OF PARTIAL DISTRIBUTION.—In an action in partition a decree of partial distribution whereunder certain of the parties to the action claim as tenants in common an interest in the land to be partitioned, can be availed of as a muniment of title, where such decree has become final prior to the commencement of the action.

ID.—ATTORNEY'S FEES—ALLOWANCE IN INTERLOCUTORY DECREE IMPROPER—FINAL JUDGMENT.—An allowance of attorney's fees has no proper place in an interlocutory decree of partition, since the same is to be determined by the final judgment.

ID.—PLEADING—DESCRIPTION OF PROPERTY—PURPOSE.—Ordinarily only reasonable certainty in description of property sought to be partitioned is required in the pleadings and proceedings in an action in partition, and this is primarily for the purpose of showing that the property is within the jurisdiction of the court so as to permit the defendant, if need be, to properly traverse the plaintiff's title, and enable the court to definitely determine and define the mode and extent of the partition to be made; and finally to aid the commissioners upon an interlocutory decree to ascertain the estate ordered to be distributed in keeping with the terms of the partition. Consequently, only such a general description *in limine* is required as will lead to an identification of the property upon which the partition prayed for, if granted, will operate.

ID.—"BROOME ESTATE RANCH"—SUFFICIENCY OF DESCRIPTION.—In an action in partition, the designation in the complaint, summons, and *lis pendens* of the land sought to be partitioned "as a tract of land known as the Broome Estate Ranch," together with a general description of its extent and location, coupled with the allegation that it was situated in a certain county, constitutes a *prima facie* description sufficient, within the meaning of sections 755 and 756 of the Code of Civil Procedure, to warrant and support the institution of the action, and when supplemented at the trial by proper parol identification, is sufficient to give the court jurisdiction to hear and determine the action on its merits.

APPEALS from an interlocutory decree of partition and an order denying a new trial and from an order of the Supe-

rior Court of Ventura County appointing a receiver. Robert
M. Clarke and Merle J. Rogers, Judges. Modified and
affirmed.

The facts are stated in the opinion of the court.

Houghton & Houghton, for Defendant and Appellant.

Charles F. Blackstock, for Plaintiff and Respondent.

R. L. Horton, for Defendants and Respondents.

LENNON, J.—This is an action in partition. The prop-
erty sought to be partitioned is the following described real
estate situate in the county of Ventura, state of California:

"All that tract of land known as the Broome Estate Ranch,
consisting of the larger part of the Rancho Guadalasca, com-
prising two thousand acres more or less; the land called the
'Conejo Tract,' adjoining the Rancho Guadalasca on the east,
comprising about six hundred sixty-three acres, and that part
of the Rancho La Colonia which is situated between the county
road known as the Hueneme Road, and the northwesterly
boundary of said Rancho Guadalasca, comprising about four
hundred sixty-three acres, together with the buildings and
other improvements thereon."

This description is quoted from the complaint, at the time
of the filing of which a summons was issued containing the
same description, and a *lis pendens* also containing it, filed in
the office of the county recorder of Ventura County. The de-
fendant, Frances Broome, now appellant, demurred to the
complaint on general grounds and specifically on the ground
that its description of the property is not "proper, legal, suffi-
cient or adequate." The demurrer being overruled, the court
found on the issues of the cause in favor of the plaintiff,
Thornhill Francis Broome, and decreed that the property
should be partitioned between the parties to the action accord-
ing to their respective interests therein. There are two
appeals, one from the interlocutory decree of partition and
from an order denying a new trial, and the other from the
order appointing a receiver. The appeals have been consoli-
dated into one, and its four main questions are (1) whether
the court had jurisdiction to hear and determine the cause,

appellant contending in this behalf that neither the complaint nor the *lis pendens* adequately described the property; (2) whether the trial court erred in finding that the services rendered by plaintiff's counsel were for the common benefit of all the parties to the action; (3) whether the decree of partial distribution entered in the estate of William Francis Broome, deceased, whereunder the plaintiff and the nonappealing defendants, Montague Watson Broome and Amy Lillian Broome, claim as tenants in common an interest in the land subjected to partition can be availed of as muniment of title; and, finally, (4) whether the court erred in failing to find upon the issue that the action was prematurely instituted presented by an allegation of the answer to the effect that the partial decree of distribution of the estate of the testator to the parties to the action had not become final before the date of the filing of the complaint in the action.

, The third ground of the appeal may be dismissed with the observation that, as shown by the record, the decree of partial distribution in the estate of Richard Broome having become final prior to the commencement of this action, fixed and determined the rights of the distributees thereunder, subject only to defeasance as the result of fraud (*Rountree* v. *Montague,* 30 Cal. App. 170, 178, [157 Pac. 623]). While as to the fraud alleged to have been perpetrated in the procurement of this decree it would suffice to say that the finding of the trial court that there was none is amply sustained by the evidence, still it may not be amiss to further say, that the facts forming the fraud pleaded and relied upon in the answer of the defendant, Frances Broome, to defeat the finality of the decree of partial distribution in so far as it is claimed to have concerned and controlled the rights of the parties are, in substance, these: The parties had some ten months prior to the procurement of the decree of partial distribution agreed in writing, among other things, that the accounts of the defendant Frances Broome, as "the former executrix of the will of William Richard Broome, deceased, of her administration of said estate to be deemed balanced as of the date of the revocation of her letters testamentary and the same shall be allowed accordingly by order of the court. . . . That all of the property of the estate, real and personal, as shown by the final account of the said Frances Broome and now in the possession of said Frances Broome, together with any income received by

her from said property since her removal and not reported in said account, to be delivered to the administrator with the will annexed for the purposes of administration and distribution; . . . that the administrator with the will annexed file his final account and petition for final distribution of said estate and proceed diligently to secure the final distribution of said estate to the end that the decree of final distribution of said estate may be made on or before the 1st day of June, 1910; it being understood that this stipulation shall not be considered as a waiver of said Frances Broome's right of appeal from said final decree for the purpose of getting a legal construction of the last will of said Richard Broome, deceased, on file in this proceeding. . . . This stipulation is understood to be a complete and final compromise of all differences between the said heirs and legatees. . . . '' The foregoing agreement was made and dated April 21, 1910, and it is alleged in the complaint that the defendant Frances Broome executed the same as the result of the persuasion and inducement of the plaintiff, Thornhill Francis Broome, and the attorney who was then representing her and the other defendants jointly in the matter of the administration of the estate of said deceased. On the 29th of November, 1910, the plaintiff, Thornhill Francis Broome, filed in the estate of William Richard Broome, deceased, his petition for a partial distribution, praying, among other things, that there be set apart and distributed to him as an heir at law of said deceased two-ninths of the residue remaining of said estate after provision made for the payment of all expenses of administration. Prior to the filing of this petition for partial distribution and prior to the making of the agreement hereinbefore referred to, namely, on August 4, 1909, the defendant Frances Broome jointly with the defendants Montague Watson Broome and Amy Lillian Broome, presented and filed a petition for the partial distribution of the estate of said deceased wherein they prayed that there be set apart to them, and to each of them, the proportion of said estate to which they were entitled under the terms and provisions of the last will and testament of the said deceased. On or about December 31, 1910, all of the said petitions for partial distribution came on for hearing and that of the plaintiff Thornhill Francis Broome was granted, but the petitions of the defendant Frances Broome and of the other defendants were denied upon the ground that there was no

provision in the last will and testament of the said deceased
for distribution to said defendants save in a manner prohib-
ited by law. Thereafter, on January 3, 1911, the plaintiff
Thornhill Francis Broome, represented by his counsel, and
the defendants Amy Lillian Broome and Montague Watson
Broome, represented by their counsel, entered into a written
stipulation entitled "In the Matter of the Estate of William
Richard Broome," wherein it was provided that the submission
of the respective petitions of all of the parties, including that
of the defendant Frances Broome, for partial distribution, be
set aside, and that the decision thereon and theretofore made,
be vacated, and that the petitioners Montague Watson Broome
and Amy Lillian Broome might amend the prayer of their re-
spective petitions by adding thereto and at the end thereof the
following clause, to wit: "And your petitioners further pray
that in the event the court shall so construe said will as not to
permit a distribution of said estate according to its terms, the
court distribute to said petitioners, and to each of them, the
share of the estate to which in the opinion of the court they
may be entitled respectively. . . . " The defendant Frances
Broome, although named as a petitioner with the other de-
fendants for partial distribution in the petition as originally
filed, refused to become, and was not a party to the written
stipulation last hereinbefore mentioned. On January 20,
1911, an order apparently in keeping with this last-mentioned
stipulation was made by the court in the said estate which re-
cited the fact of the original filing and hearing of the several
petitions for partial distribution, the proceedings had thereon,
and the determination thereof as above outlined, and that the
same were resubmitted for decision on the evidence previously
and originally received in support of the petitions; it was
alleged that none of the defendants as the petitioners named
in the petition for partial distribution as originally filed was
represented in the proceedings which culminated in the order
for resubmission and that at no time thereafter did the de-
fendant Frances Broome receive any notice of the making
thereof; and that the petitions referred to in the stipulation
for resubmission were never at any time after the making of
said order actually and formally amended, nor were any
amendments ever served upon said defendant Frances Broome.
On June 30, 1911, following said resubmission the court
adjudged and decreed that the trust attempted to be created

by the terms of the last will and testament of said deceased was void, and that the petition of the defendant, Frances Broome, therefore must be denied except as to the property specifically bequeathed to her, and that with that exception all of the property of the said estate belonged to the heirs at law of said deceased, and that the plaintiff Thornhill Francis Broome and the defendants Montague Watson Broome and Amy Lillian Broome were entitled to partial distribution of the property of said estate as in their respective interests prayed for. With these facts as a basis, it was alleged, as it is argued here, that said decree of partial distribution was obtained by fraud, in this, that it was petitioned for and granted subsequent to and despite the stipulation which purported to compromise the differences of the parties, which reserved unto the defendant Frances Broome the right of appeal from any decree of final distribution which would be ultimately entered in said estate to the end that she might procure a final legal construction of the scope and effect of the last will and testament of said deceased; and that relying upon the terms of said stipulation she was imposed upon and misled to the extent that she did not take or prosecute any appeal from said decree of partial distribution.

Now, then, is it not obvious that all of the foregoing makes a much ado about nothing? While the allegations of the answer involving the claim of fraud are extensive, they are not altogether free from equivocation and embrace but few farfetched facts which neither singly nor collectively suffice to make a satisfactory showing of fraud which had for its purpose the deluding and deceiving of the defendant, Frances Broome, into sleeping upon whatever right she may have had for a revocation of the decree of partial distribution. The stipulation of April 21, 1910, which was signed in person by the defendant Frances Broome and which, while purporting to be a compromise of the differences of all of the parties interested in the estate, reserved unto said Frances Broome the right to appeal from the final decree of distribution which might be entered in said estate was, as evidenced by its very terms, entered into primarily for the purpose of initiating and stimulating proceedings looking to an early and final distribution of the estate of deceased, and neither expressly nor by necessary implication is there anything to be found in the stipulation which gave the defendant Frances Broome any

assurance that the proceeding for partial distribution would not be instituted prior to an application for final distribution. Nor can we conceive how the defendant Frances Broome because of anything contained in the stipulation could have been misled and deceived into foregoing her undoubted right, notwithstanding the stipulation, to appeal from the decree of partial distribution.

The alleged fact that Frances Broome was in no manner made a party to the proceedings for the resubmission of the several petitions for partial distribution, including her own, and which ultimately resulted in the decree complained of, is emphasized as an evidence of the fraud alleged to have been perpetrated in the procurement of the decree, but in response to this it need only be noted that the record is barren of any evidence, or even suggestion, that she did not have notice of that proceeding or that it was instituted and consummated without her knowledge.

In so far as is concerned the knowledge of the defendant Frances Broome of the petitions for partial distribution and the proceedings had thereon from their very inception until the making and entry of the decree, it will be noted further that the decree itself recites that all of the parties were represented in court by their respective counsel, and that due notice of the hearing of the petitions had been given to all of the parties interested, and in this behalf it will be further noted, that the answer of the defendant Frances Broome does not allege that the notices required by law of the pendency of the petitions and of the proceedings had thereunder were not given. In the absence of an allegation and a showing to the contrary, the presumption that the notices required by law were given must prevail. Moreover, upon this phase of the case, the record shows that the notice required by law on the hearing of all the petitions for partial distribution was given, and, in addition, the record contains much evidence to the effect that the defendant Frances Broome was in court on every occasion when there was any hearing in reference to the estate of William Richard Broome, deceased. In short, the evidence, direct and presumptive, upon this phase of the case, preponderates in favor of the finding of the trial court in this action that the defendant Frances Broome had ''notice of all matters pending which culminated in the making of said decree of partial distribution,'' and that she was not in ''any

manner imposed upon or misled in connection with the obtaining of said decree of partial distribution or in connection with a reliance upon the finality and conclusiveness of the same, or imposed upon or misled at all.'' This view compels the conclusion that the decree of partial distribution constituted a sufficient muniment of title and disposes of the further contention that the action was prematurely brought. A determination of the latter question involved but a conclusion of law unnecessary, immaterial, and improper, therefore, to be found as a fact.

It is apparently conceded that the finding of the trial court relative to the allowance of attorneys' fees is not supported by the evidence, but in any event the finding of attorneys' fees had no proper place in the interlocutory decree, and therefore the judgment must be modified in that particular, leaving the subject of fees and costs to be determined by the final findings and judgment. (Code Civ. Proc., sec. 796; *Harrington* v. *Goldsmith,* 136 Cal. 168, [68 Pac. 594]; 30 Cyc. 301.)

Concerning the sufficiency of the description of the property sought to be partitioned to confer jurisdiction upon the court below to hear and determine the action, it is the contention of appellant, concisely stated, that the description of the land contained in the complaint, summons and *lis pendens* in a suit in partition must so describe the land sought to be partitioned as to render possible its location by a competent surveyor without the aid of extrinsic evidence. This contention is, in effect, rested largely upon the assumption that the statutory direction (Code Civ. Proc., secs. 755, 756), that the summons in partition shall contain ''a description of the property sought to be partitioned,'' and the *lis pendens* ''a description of the property to be affected thereby,'' calls for more particularity in the description of the property to be partitioned than is ordinarily required in other and different actions involving the title to the real property. No good purpose would be subserved by following the refinements of reasoning which permeate an elaborate and admirable brief presented in support of this contention, and we think it will suffice to say that, having in mind the language of the code sections under consideration, certainly no greater or less effect need be accorded descriptive words in the pleadings and preliminary process and proceedings in partition than that required to be accorded

to descriptions and descriptive phrases in other actions involving the title to real property. "There is, indeed, authority for the position that the description in a complaint in partition may properly be less precise than elsewhere." (30 Cyc. 218.) Ordinarily, only reasonable certainty in description of property sought to be partitioned is required in the pleadings and proceedings in an action in partition, and this is primarily for the purpose of showing that the property is within the jurisdiction of the court so as to permit the defendant, if need be, to properly traverse the plaintiff's title, and enable the court to definitely determine and define the mode and extent of the partition to be made; and finally, to aid the commissioners upon an interlocutory decree to ascertain the estate ordered to be distributed in keeping with the terms of the partition. Consequently, only such a general description *in limine* is required as will lead to an identification of the property upon which the partition prayed for, if granted, will operate. (*Sumner* v. *Hill,* 157 Ala. 230, [47 South. 565]; *Thruston* v. *Minke,* 32 Md. 571.) In the case of *Sumner* v. *Hill, supra,* which was an action for partition, it was held that under the authorities there could be no question but that the designation of the property which was the subject matter of the action as the "Hancock Place" was a sufficient description when supplemented by proper parol identification. To the same effect is the case of *Bogan* v. *Hamilton,* 90 Ala. 454, [8 South. 186], which involved the sufficiency of a description which designated the property sought to be subjected to a vendor's lien as "well known as the Shook farm or place on the Coosa River." See, also, the case of *Thruston* v. *Minke, supra,* wherein it was held that the property to be partitioned was sufficiently described when described "as all that piece or parcel of ground situated in the city of Cumberland, called and known as the 'St. Nicholas Hotel property.' " While no authorities from California have been cited to us, and we have found none bearing directly on the precise question under consideration here, still the two cases of *Baird* v. *Monroe,* 150 Cal. 560, [89 Pac. 352], and *Houghton* v. *Kern Valley Bank,* 157 Cal. 289, [107 Pac. 113], which deal with the sufficiency of descriptions embodied in actions to enforce street assessments and tax sales, enunciate principles and rules readily applicable, we think, to the question presented in the case before us. The case of *Baird* v. *Monroe, supra,* although pri-

marily an action to quiet title, nevertheless had for its basis a proceeding *in invitum* to the extent that it involved the sufficiency of the description of the property in suit as set forth in an assessment proceeding for the opening and widening of a city street, and there this court said, in effect, that a description "sufficient to identify the land" involved is one which, in conjunction with the knowledge presumptively possessed by property owners of the community in which the land is situated, operates to give notice of the exact property to be assessed, and that, therefore, "a description of a tract of land by name is *prima facie* sufficient in an assessment, as it is presumed that the tract of land is well known by name . . . and, further, that the question as to whether the description is sufficient to identify the land is a question of fact to be determined from the evidence presented upon that issue." The case of *Houghton* v. *Kern Valley Bank, supra,* held that the question of whether or not a description in an assessment for taxes was sufficient was a question of fact to be determined by the trial court upon such evidence as may be presented to show its sufficiency to identify the land. Surely no greater strictness in description should be required in an action in partition than that applied to descriptions involving the validity of proceedings *in invitum,* and, consequently, we think there can be no question but that the designation in the complaint, summons, and *lis pendens* in the action before us of the land sought to be partitioned "as a tract of land known as the Broome Estate ranch," together with a general description of its extent and location, and coupled with the allegation of the complaint, summons, and *lis pendens,* that it was all situate in the county of Ventura, constituted a *prima facie* description sufficient, within the meaning of sections 755 and 756 of the Code of Civil Procedure, to warrant and support the institution of the action and which, when ultimately supplemented at the trial of the action, as was done, by proper parol identification, was amply sufficient to enable the court to hear and determine the merits of the action.

The appeal from the order appointing a receiver is founded in the contention that the trial court was without jurisdiction to entertain the action at all. This appeal is, therefore, disposed of by our conclusion previously stated concerning the jurisdiction of the trial court.

The decree appealed from is modified by striking therefrom the allowance of attorneys' fees, and, as so modified, the decree and the order appointing a receiver will stand affirmed.

Wilbur, J., and Melvin, J., concurred.

Hearing in Bank denied.

All the Justices concurred.