CAMPBELL *v.* SANDERS.

Opinion delivered March 31, 1919.

TAXATION—SALE OF SEPARATE LOTS IN MASS.—A tax deed showing on its face a sale of separate town lots in mass for a lump sum is invalid, under Kirby's Dig., § 7087.

Appeal from Jackson Circuit Court; *D. H. Coleman,* Judge; affirmed.

STATEMENT OF FACTS.

This is a suit in ejectment by W. W. Campbell against H. C. Sanders and S. Brundidge to recover possession of lots 5 and 6 in block 13, in Morris' Addition to the city of Newport, Arkansas.

The complaint alleges that the defendants are in the possession of the lots. The plaintiff bases his claim and right of possession solely upon a tax deed executed to him by the clerk of Jackson County, Arkansas, on the 13th day of June, 1918. Lots 5, 6, 7 and 8 of block 13, in Morris' Addition to the city of Newport, Arkansas, are vacant lots contiguous to each other and under one enclosure. They were assessed as a whole for the year 1915, and the taxes being unpaid, they were returned delinquent and offered for sale by the collector. W. W. Campbell bid and offered to pay the taxes, penalty and costs against all of said lots for lots 5 and 6. Lots 5 and 6 were then sold to said Campbell and in due course he received the clerk's tax deed therefor.

The circuit court was of the opinion that the sale for taxes for the year 1915 was void and dismissed the plaintiff's complaint.

From the judgment rendered, the plaintiff has duly appealed to this court.

*L. L. Campbell,* for appellant.

1. There was no error as to the assessment. Kirby's Digest, § § 6976, 6980, 7018, 7083-5. These sections do not require or contemplate that where there are two or more lots in a city or town owned by the same person and are contiguous and in one tract that they should be severally listed or assessed. The owners for a number of years, of lots 5, 6, 7 and 8, block 13, had been assessed as they were and appellees are estopped by long acquiescence. 37 Cyc. 1001, and cases cited.

2. The tax sale is valid. 83 Ark. 174 is not in point. The lots had a common ownership and they were separately described and a valuation of $400 put upon the whole tract. As assessed these lots were extended as provided by section 7018, Kirby's Digest, as a single tract

and so sold. The assessment, extension of taxes and sale was in accordance with our statutes. *Supra.* The judgment should be reversed.

*Joe M. Stayton* and *Harry Neelly,* for appellees.

1. The appellees were in possession of the lots and it was not necessary to exhibit their title with their answer. In ejectment a party seeking possession must recover on the strength of his own title and not upon the weakness of his adversary's. Being in possession under a *bona fide* claim of title it devolved upon appellant to prove his title. 87 Ark. 189; 80 *Id.* 34.

2. The tax deed is void on its face, as it shows that lots 5, 6, 7 and 8 were offered for sale altogether *en masse.* 83 Ark. Ark. 174; 31 *Id.* 491; 30 *Id.* 579; 55 *Id.* 104; 88 *Id.* 395; 94 *Id.* 222. Our statutes expressly provide for the manner of assessment, extension of taxes and sale of lots or lands. Kirby & Castle's Digest, § § 8613, 8634-5, 8655, 8665, 8675, 8712, 8739-40-5. By these it will be seen that the collector must sell each lot or tract separately. Here the sale was not en mass and was void. *Supra.*

HART, J., (after stating the facts). We are of the opinion that the holding of the circuit court was correct and that the case is ruled by *LaCotts* v. *Quertermous,* 83 Ark. 174, where the court held that a tax deed is void which shows on its face that two separate lots within a town were sold en mass for a lump sum.

Counsel for appellant insists that inasmuch as the record in the case just cited does not show that one valuation was placed by the assessor upon both lots as one tract, that the holding in that case does not control here. The record does show, however, in that case that there was a frame building on both lots and that both lots were sold as one tract by the collector at the tax sale. The statute in regard to the sale of delinquent lands provides that the collector shall offer for sale each tract of land, city or town lot for the tax, penalty and costs thereon. Kirby's Digest, section 7087. The collector in making the sale takes the description

from the tax books. The tax books are made out by the county clerk and delivered to the collector, but they are made out from the descriptions of the assessor and placed by him on his books. So the presumption is that the collector sold the land in that case from the description as prepared in his list of delinquent lands and these in turn would be just as made out by the county clerk as taken from the assessor's books. This finding is in accord with our statutes on the subject.

Subdivision 2 of section 6976 of Kirby's Digest provides that the return of the assessor shall contain the name of the owner and the description of each lot in each town or city and the value thereof as determined by the assessor. Section 7018 of Kirby's Digest relative to the making of the tax books by the county clerk provides that each separate lot or a tract of real property in each city or town shall be set down in a line opposite the name of the owner. When all of the sections of our revenue act are construed together, we think the intention of the framers of the act was that each lot should be separately assessed and valued so as to bear its own portion of the taxes. The rule is well expressed in *Terrill* v. *Groves,* 18 Cal. 149, as follows:

"We think the true meaning of the provision is to require a separate assessment and valuation of each lot in cases like this of city property. If a man owned a hundred lots or if, after the assessment, he sold some of them, and it became necessary or desirable to pay the taxes on a part of the property, it would be impossible to do so without paying the full amount assessed. It was evidently the intention of the statute that each lot should be made to bear its own portion of the public burdens, and a great deal of confusion and injustice would grow out of a gross assessment of several lots, and a sale in gross for the payment of the general tax."

This construction is in accord with *Hutton* v. *Jones,* and *Hutton* v. *King,* 134 Ark. 463, 205 S. W. 296. There we had under consideration the penalties accruing for failure of the owner to meet the board of assessment.

The court said that under our system of taxation the charge is made against the land and not the owner; and that it was intended to provide a separate assessment of each lot and a separate penalty chargeable thereon in case of omission from the list furnished by a non-resident owner.

Therefore, the judgment will be affirmed.