SCHUMAN *v.* ALLGOOD.

4-8771                                              218 S. W. 2d 712

Opinion delivered March 7, 1949.

Rehearing denied April 11, 1949.

*Wm. J. Kirby,* for appellant.

*Townsend & Townsend,* for appellee.

ROBINS, J.   This appeal involves validity of a sale of lot 16, block 43, Industrial Park Addition to Little Rock for delinquent taxes.   The appellees, owners of the property, failed to pay the taxes due thereon for 1943, and it was sold to the state.   No redemption was made, and the state sold the lot to appellant, Florence Schuman, on January 2, 1947.   Thereafter the state instituted in the court below proceedings to confirm its title, and title of its grantees, to all property (including that involved herein) in Pulaski county forfeited for non-payment of taxes of 1943.

Appellees intervened and made appellants parties, alleging numerous irregularities in the tax sale which, as they contended, invalidated same.

To sustain the decree of the lower court holding the tax sale void, appellees rely on these asserted defects in the proceedings on which the state's title was based:

I.   That the collector failed to publish the notice required by § 13801, Pope's Digest, as amended.

II.   That the collector did not call out at the sale the separate amounts of the taxes, penalties and costs.

III.   That the deed of appellant, Florence Schuman, from the State Land Commissioner was void because it included several pieces of property with only one sum stated as consideration therefor.

## I.

To sustain their contention that proper notice was not given, appellees introduced only the testimony of a deputy collector of Pulaski county during 1943 and 1944. He testified as follows: "Q. I wish you would state to the court whether or not you complied with § 13801 of Pope's Digest, which provides: 'The collectors shall cause printed notices to be posted in three public places in each township, town or city throughout the county, one of which shall be at the place of holding elections in such township, town or city, and published in some newspaper published in the county, if any there be, stating on what day the collector, or his deputy, will attend at the places of holding elections, in each township, town or city, which day shall not be prior to the first Monday in January of each year, but as soon thereafter as practicable, for the purpose of receiving taxes. The collector or his deputy shall attend, for the purpose aforesaid, on the day and at the place named in such notice, and thereafter shall attend at his office at the county seat until the tenth day of April of each year, to receive taxes from persons wishing to pay the same.'? A. No, sir, the dates in there are wrong for the collection of taxes because the dates prior to 1936—was it April 10th? Q. Except for the dates did you go to the various polling places in the county to collect any taxes? A. No., sir. Q. And you did not publish notices at the polling places or in the newspapers at all where you would be in the county to collect taxes? A. No."

It is conceded that § 13801, Pope's Digest (which was § 10042, Crawford & Moses' Digest), was repealed in so far as Pulaski county was concerned by the following language in Act No. 481 of 1921: "Section 1. That section 10042 of Crawford & Moses' Digest of the Statutes of the State of Arkansas be, and the same is hereby amended so as to read as follows: 'Section 10042. The collector or his deputy shall attend at his office at the county seat from the first Monday in January until the 10th day of April of each year, to receive taxes from persons wishing to pay the same.' "

But, argue appellees, the requirement for giving of notice was re-instated by Act 191 of 1925 in the following language: " 'Section 1. This Act is to amend § 10042 of Crawford & Moses' Digest to read as follows: That from and after the passage and approval of this Act, sheriffs and collectors shall be permitted to collect all taxes at the county seats of the respective counties, *after having given notice to be published for four weeks in some newspaper published in the county and by posting notices in three public places in each township* said notices to the effect that the taxes are due and payable between January 1st and April 10th of each year, and that the books will be kept open at the county site or county sites of said county for the collection of said taxes . . .' (Italics supplied)."

It might well be argued that § 10042 of Crawford & Moses' Digest having, so far as Pulaski county was concerned, been repealed by Act 481 of 1921, Act 191 of 1925 was intended to apply only to counties that had been left by the Act of 1921 within the scope of the original Act of 1887, later shown as § 10042 of Crawford & Moses' Digest and as § 13801 of Pope's Digest.

We have not heretofore been called upon to decide whether the giving of the notice originally required by the Act of March 28, 1887, nor that required by the Act of 1925 was essential to the validity of a tax sale; and we do not find it, in this case, necessary to do so, nor to decide whether, as argued by appellants in their reply brief, Act 282 of 1935 repealed any possible requirement as to giving of the notice by collectors.

The testimony of appellees was, as shown by the above extract, directed solely to showing a non-compliance with the provisions of the Act of March 28, 1887, which required the collector to visit each election precinct in the county for the purpose of collecting taxes and to give notice of the time of such visit. The attention of appellees' witness was not called to the provisions of Act 191 of 1925, on which, as to this phase of the case, appellees now rely. Nor was it shown that the witness

was the official who would have known as to the giving of the notice mentioned in the last named Act.

We conclude that the lower court erred in holding the sale void for lack of notice by the collector as to the time and place of collection of taxes.

## II.

Appellees argue that in the forfeiture to the state there was a failure to comply with the following provisions of § 13849, Pope's Digest, as amended by § 4 of Act 64 of 1941: " 'The collector . . . shall then and there . . . proceed to offer for sale each tract of land, city or town lots for taxes, penalty and costs thereon . . . and if no person shall offer or bid the amount of the taxes, penalty and costs due on said tract, lot or part thereof, then the collector shall bid the same off in the name of the State of Arkansas, bidding therefor the amount of taxes, penalty and costs due thereon . . . .' "

This is the testimony (of the County Clerk) which, appellees say, shows failure to comply with the statute: "Q. I will ask you when it was sold down here at the door of the courthouse was each taxes, penalties and costs called out? A. Not individually; the total amount was. Q. It was just sold to the state for the total against the land? A. That is right. Q. And the taxes, penalties and costs were not called out? A. No, sir."

Appellees do not cite any authority in support of this contention, but argue that the collector, in selling the land to the state, after failing to receive bid from any other purchaser therefor, should have cried out separately the respective amounts of the different taxes, as well as the penalty. We do not agree. There is no requirement in the law for any such procdeure. On the contrary, the law (§ 4 of Act 64 of 1941) directs that if no person bids the amount of the taxes, penalty and costs, "then the collector shall bid the same off in the name of the State of Arkansas, bidding therefor the amount of taxes, penalty and costs due thereon."

The forfeiture to the state was not void because of the failure of the collector to announce the different items of the total which he was bidding for the state.

### III.

It is finally urged by appellees that the deed of the State Land Commissioner to appellant, Florence Schuman, was void because several tracts were included "with only one sum stated for the consideration *or taxes* of all." (Italics supplied.)

In support of this appellees cite *Campbell* v. *Sanders,* 138 Ark. 94, 210 S. W. 934, and *LaCotts* v. *Quertermous,* 83 Ark. 174, 103 S. W. 182. In each of these cases we held invalid a *clerk's tax deed,* where it was shown that several lots were sold in mass for a lump sum. We are not dealing here with a clerk's tax deed, but with the deed of the State to its vendee, after the State had obtained title by certificate of the clerk. The authorities cited are not applicable here; but, if they were, this contention of appellees could not be sustained, because the deed from the State Land Commissioner to appellant, Florence Schuman, is nowhere shown in the record, and we have no way of knowing what its contents are.

We conclude that there has not been shown any such irregularity in the proceedings to forfeit this property as would authorize avoidance of the forfeiture.

The decree of the lower court is, therefore, reversed and the cause remanded with directions to enter decree vesting title in appellants.

Mr. Justice George Rose Smith not participating.