## THORNTON vs. KYLE.

[APPEAL FROM ORDER OF CHANCELLOR SUSTAINING A DEMURRER TO CROSS-BILL
FOR WANT OF EQUITY, &C.]

1. *Appeal; when does not lie.*—An appeal cannot be taken from an order
of the chancery court sustaining a demurrer to a cross-bill, filed by way
of an answer to the original bill, and dismissing such cross-bill, before
the final determination of the cause.
2. *Same; what case does not fall within influence of section 3486 of the
Revised Code.*—Such a case does not fall within the relief of the section
of the Revised Code allowing appeals from certain interlocutory judg-
ments and decrees, before the final determination of the cause.

APPEAL from Chancery Court of Cherokee.
Heard before Hon. B. B. McCRAW.

The facts are stated in the opinion.

FOSTER & FORNEY, for motion.
W. J. TURNLEY, *contra.*

PETERS, J.—This is an appeal from the judgment of
the learned chancellor in the court below, on a demurrer
to the cross-bill.

The cross-bill was assailed by demurrer for want of equity.
The demurrer was sustained and the cross-bill dismissed.
From this order dismissing the cross-bill, the complainant
therein appeals to this court, and assigns the order of dis-
missal as error. The appellees refuse to join in error in
this court, and move to dismiss the appeal, as prematurely
taken before the final determination of the cause.

This identical question was settled by this court in the
case of *Parish, administrator, v. Galloway,* 24 Ala. 163. It
is, however, now contended by the appellant that this case
has been overruled by the later case of *Brooks v. Woods,*
40 Ala. 538. This seems to be a misapprehension of the

Thornton v. Kyle.

latter determination. The court there say : " The appellee joins in the assignments of error, and this case is not like *Parish, adm'r, v. Galloway*, 24 Ala. 163."—40 Ala. R. 540. This is not a disapproval of the former case, but rather a reaffirmance of it. We think the case in 24 Ala. 163, was rightly decided. Here there was no joinder in error before the motion to dismiss. The cases are, therefore, identical. The statute allowing interlocutory decrees to be appealed from does not comprehend this case. That statute is in these words : " An appeal to the supreme court may be taken before the final determination of the cause, from any judgment or decree overruling a motion to dismiss a bill for want of equity, or overruling a motion to dismiss or quash an attachment or sustaining a demurrer to a plea in abatement to an attachment, or sustaining an attachment against matters set up in abatement of it, either in the way of an agreed case, or by plea or otherwise ; but such appeal shall be taken only after the consent of the opposite party or his attorney is obtained to its being taken ; and on the trial of such appeal, there shall not be a reversal, if the supreme court discovers that the defect or error alleged or insisted on can be removed or remedied by amendment under existing laws."—Revised Code, § 3486. In this case there was no consent to the appeal, and it could not be taken under this statute. Besides, it was not such a judgment as comes within the statutory description.

An appeal is not a matter of practice in which this court can prescribe the rule to allow it ; but it is a matter of right given by the statute. If there is no statute allowing the right, it does not exist.—Rev. Code, §§ 3485, 3486. In this case there is no such statute. We therefore feel reluctantly compelled to grant the motion dismissing the appeal. And the appellant will pay the costs of this motion, and the costs of the appeal in this court and in the court below.