# Sumner *v.* Hill. *et al.*

*Bill for Partition of Land.*

(Decided Nov. 17, 1908.   47 South. 565.)

1. *Appeal and Error; Matters Reviewable; Demurrer to Cross Bill.*—Section 427, Code 1896, does not give the right of appeal from decrees on demurrers to cross bills, and a decree sustaining demurrers to a cross bill will not be reviewed where assigned as cross assignment of error. although assigned with the consent in writing of appellant, as authorized by Supreme Court Rule 3; and this, notwithstanding the ruling on demurrers to the cross bill is embodied in the decree appealed from.

2. *Same; Interlocutory Decree; Jurisdiction.*—The right to appeal from an interlocutory decree is a creature of statute, and unless the right is conferred by the statute this court is without jurisdiction to entertain such an appeal, and such jurisdiction cannot be conferred by consent of the parties.

[Sumner v. ,Hill, et al.]

3. *Judgment; Res Adjudicata; Plea.*—A plea of res adjudicata is insufficient if it fails to set forth the fact showing the identity of the subject matter and of the parties, etc.; a statement of the pleader's conclusion of a former adjudication is insufficient.

4. *Same; Identity of Subject Matter.*—Where a former bill for partition, filed by an ancestor of the beneficiary of the bill in this case, described the land to be partitioned as the "Hancock Place," and followed it with a more particular description by government survey number; and the decree in the first suit allotted the lands described as the "Hancock Place" to the respondent, a plea in the second suit alleging that the lands described in the bill were a part of the "Hancock Place," and were embraced in that description, sufficiently shows identity of the subject matter.

5. *Partition; Description of Land.*—The description of land as the "Hancock Place," when supplemented by a proper parol identification, was a sufficiently definite description itself, and was not limited by a subsequent recital of a more particular description consisting of government numbers.

6. *Deeds; Description.*—Where a particular description in a deed, which follows a general description, contains no words indicating an intent to restrict the general description, and is intended merely as an additional description, all that is included in the general description will pass by the grant.

7. *Tenancy in Common; Possession.*—The possession of one tenant in common is in law the possession of the other tenants also.

8. *Same; Adverse Possession; Ouster; Notice.*—Before adverse possession begins to run in favor of one tenant in common, there must be an actual ouster, or its equivalent, to-wit, a claim of exclusive right by the tenant in possession, and a denial of the right of the other co-tenant brought directly to his notice.

APPEAL from Greene Chancery Court.

Heard before Hon. THOMAS H. SMITH.

Bill by Martin T. Summer as trustee, etc., against Marie V. Hill and others. From a judgment for respondent complainants appeal. Affirmed.

A. C. & H. R. HOWZE, and HARWOOD & McKINLEY, for appellant. The description known as the "Hancock Place" must give way to the particular description by government numbers and subdivisions.—*Carter v. Chevalier,* 108 Ala. 566; *Gilmartin v. Wood,* 76 Ala. 210; *Sykes v. Shows,* 74 Ala. 385; 103 Ill. 410; 31 Mass. 128; 68 Mo. 169; 5 N. H. 536. The exception to plea 2 should have been sustained.—*Montgomery I. W. Co. v.*

*Roman,* 147 Ala. 439; *Tankersly v. Pettus,* 71 Ala. 186; *Gilbreath v. Jones,* 66 Ala. 132; *Wood v. Wood,* 134 Ala. 565; *Dial v. Gambrill,* 126 Ala. 154. The amendment was permissible.—*Lucas v. Pittman,* 94 Ala. 616; *M. & O. R. R. Co. v. Logan,* 136 Ala. 173; *Longmire v. Pilkington,* 37 Ala. 296; *Crim v. Crawford,* 29 Ala. 623. Plea 1 was wholly insufficient.—*Gilbreath v. Jones, supra; Glaser v. Meyrovitz,* 119 Ala. 156; *McCall v. Jones,* 72 Ala. 371; 9 Ency. P. & P. 621; 1 Dan. Chan. Pldg. 661. Plea 3 was insufficient.—*Roscoe v. Jefferson,* 38 South. 246; *N. C. & St. L. Ry. Co. v. Hill,* 40 South. 612. Between tenants in common, the right of a co-tenant or joint owenr is not barred until the lapse of twenty years.—*McArthur v. Carry,* 32 Ala. 75; *Goodwyn v. Baldwin,* 59 Ala. 128; Sec. 2794, Code 1896.

STERLING A. WOOD, and DEGRAFFENRIED & EVINS, for appellee. On the cross assignments of error. The court erred in permitting complainant to amend his bill.—*Arnett v. Bailey,* 60 Ala. 435; *Bailey v. Seldon,* 112 Ala. 592; *Blackburn v. Fitzgerald,* 130 Ala. 584; *Pickens v. Oliver,* 32 Ala. 626; *Tarver v. Smith,* 38 Ala. 135; *Lowery v. Daniels,* 98 Ala. 451. As to the demurrers and answers to the cross bill, counsel cite the following. —To the 1st ground.—16 Mass. 231; 5 J. J. Marsh, 446; *Harold v. Weaver,* 72 Ala. 373. As to the other grounds. —*Gilmartin v. Woods,* 76 Ala. 210. Concerning the statute of limitations and the pleas they cite the following.— 16 Cyc. 917; 12 Ency P. & P. 1; *Perryman v. City of Greenville,* 51 Ala. 507; *Jackson v. Clarke,* 7 John. 216.

DOWDELL, J.—The appeal in this case is taken by the complainant in the bill from the decree of the chancellor sustaining the respondent's plea numbered 2 to the bill. There is a consent in writing by the appellant, indorsed on the record, pursuant to rule 3 of the

Supreme Court rules of practice, (Code 1896, p. 1187), that the appellees may cross-assign errors. The appellees, respondents in the lower court, filed four pleas to the bill, numbered consecutively 1, 2, 3, and 4. A submission was had on the sufficiency of these pleas and at the same time on the complainant's demurrers to the respondents' cross-bill. A decree was rendered sustaining plea 2, and overruling the others, and also sustaining the demurrers to the cross-bill.

Appellees seek here by their cross-assignments of error to review the decree on the demurrers to the cross-bill. This cannot be done on this appeal. The decree appealed from is purely interlocutory, and only by virtue of the statute (section 427, Code of 1896) is an appeal from the decree authorized. This statute gives the right of appeal from a decree on pleas, and also from decrees on demurrers to bills, but no right of appeal is given from decrees on demurrers to cross bill.—*Thorne-Franklin Shoe Co. v. Gunn,* 123 Ala. 640, 26 South. 198, and cases there cited; *Thornton v. Kyle,* 46 Ala. 379; *Brickley v. Brickley,* 129 Ala. 403, 29 South. 854. The fact that the ruling on the demurrers to the cross-bill is embodied in the decree on the pleas is unavailing, on appeal from the decree on the pleas, to present for review the court's action on the demurrers to the cross-bill. The question is one of jurisdiction, a jurisdiction of subject-matter that cannot be conferred by the parties. It is only appealable matter, and such as is embraced in the particular interlocutory decree appealed from, that we can review. The question has been heretofore passed upon by this court.—*Montgomery Iron Works v. Capatal City Ins. Co.,* 137 Ala. 134, 34 South. 210; *Northwestern Land Association v. Grady,* 137 Ala. 219, 33 South. 874. The cross-assignments of error relating to the cross-bill cannot, for the reasons stated, be considered. For the same

[Sumner v. Hill, et. al.]

reasons and on the authorities above cited, the appellees' first cross-assignment in reference to the allowance of the amendment of the bill against respondents' objection cannot be considered. Only those assignments of error on the record that relate to the ruling on the pleas can be considered on this appeal.

Taking, then, the pleas in their order: The first plea, which was by the chancellor held to be insufficient, is so palpably wanting in necessary statement of facts to constitute a plea of res adjudicata as to scarcely deserve consideration. Indeed, it is nothing more than the statement of a conclusion of the pleader of a former adjudication; no facts as to identity of parties or of subjec-matter, etc., being averred or stated in support of such conclusion. It is unnecessary to cite authorities, or to add more in condemnation of this plea.

The second plea, which sets up the defense of res adjudicata, is much fuller, and supplies the omissions of the first plea in the averments of facts as to the identity of subject-matter and parties in interest, etc. But it is contended by the appellant that the land described in the plea as the "Hancock place," and which general description is followed by a more particular description by government numbers, and averred to be the lands embraced in the former litigation and adjudication pleaded as a bar to complainant's bill, is shown on the face of the plea to be different from the land described in the bill. The plea avers that the land described in the bill is the same land and was embraced in the former controversy under the description of the "Hancock place." The land in the present bill is described only by government numbers. The point of difference, as well as of contention, arises out of a question as to which, in the description of the land given in the plea, shall control—the general description, "the Hancock place," or

that which follows the general description, as more particularly describing the land by government numbers. The bill in the former controversy pleaded, like the present bill, was for a partition of lands among joint tenants. The former bill was filed by the ancestor of the party for whose benefit the present bill is filed, and through whom the complainant in the present bill claims and derives title, and in both cases the respondents are the same. There can, therefore, be no question of identity of parties in interest in the two controversies. In the first controversy, the land described as the "Hancock place" was allotted to these respondents. The question is, did the government survey numbers, added as a "more particular description," limit the preceding general terms of description? For a more certain understanding of the proposition, we copy here from the plea the description as contained in the decree in the former litigation: "Also that tract of laid situated in Greene county, Alabama, known as the 'Hancock place,' and more particularly described as follows, to wit." And here follows the description by government subdivisions and numbers.

We think, under the authorities, there can be no question but that the term "Hancock place" is a sufficient and definite description in itself, and this without the aid of a "more particular description" by government numbers, when supplemented by proper parol identification. In the case of *Bogan v. Hamilton*, 90 Ala. 454, 8 South. 186, it was said: "The description of the land as contained in the bond for title, and in the bill, is sufficiently definite to escape the alleged defect of uncertainty. Following the description of parts of certain sections and townships, with a designation of the number of acres in the tract, is the phrase, 'all known as the Shook farm or place on the Coosa river,' which in

[Sumner v. Hill, et al.]

itself is sufficiently certain, without the aid of other parts of the description, when supplemented by proper parol identification." "Where a deed of conveyance contains a general description of the property conveyed, which is definite and certain in itself, and is followed by a particular description also, such particular description will not limit or restrict the grant which is clear and unambiguous by the general description."—*Marshall v. McLean*, 3 G. Greene (Iowa) 363, a case very much in point, and in which are cited the cases of *Bott v. Burnell*, 11 Mass. 163, and *Jackson v. Clark*, 7 Johns. (N. Y.) 216. We think it may be stated as a sound proposition that where the particular description following the general description contains no words manifesting an intention to limit or restrict the general description, and is intended merely as an additional description, then whatever is included in the general description will pass by the grant. Such, we think, is the case now under consideration. The plea avers that the lands described in the bill are a part of the "Hancock place," and embraced in that description. On a submission upon the sufficiency of a plea, facts averred in the plea are taken as confessed. There is nothing in the description by government numbers, following the general description the "Hancock place," indicating an intention of limiting or restricting the general description, or of being anything more than a mere additional description. In our opinion the chancellor correctly sustained this plea.

The bill is for a partition of land among joint tenants or tenants in common. The third plea, which sets up the statute of limitations of six years, presents no defense, and is therefore insufficient. The same is true of the fourth plea, which sets up the statute of limitations of ten years. The possession of one tenant in common is in law the possession of the co-tenant also.

[Stokes v. Dimmick.]

In so far as this plea undertook to set up the defense of adverse possession, it is fatally defective, and therefore insufficient. Before adverse possession can commence in favor of one tenant in common against a co-tenant there must be an actual ouster, or that which is equivalent to an actual ouster, of such co-tenant. A claim of exclusive right by the tenant in actual possession and denial of the right of the co-tenant, not brought directly to the notice of such co-tenant, is insufficient. The plea in this respect is bad. Moreover, the plea does not aver that the ten years' adverse possession was complete before the commencement of the suit.

It follows from what we have said that the decree of the chancellor as to the pleas must be affirmed.

Affirmed.

TYSON, C. J., and ANDERSON and McCLELLAN, JJ., concur.