(95 South. 362)

## CHANNELL v. DEAL LUMBER CO.
### (6 Div. 801.)

(Supreme Court of Alabama. Feb. 1, 1923.)

Mortgages ☞48(1)—Definite general description in mortgage controls indefinite, uncertain, particular description.

A mortgage containing a general description of property, which is definite and certain, and a particular description, that is vague and uncertain, is controlled by the general description and valid, notwithstanding the rule that a general description must yield to a particular.

Appeal from Circuit Court, Tuscaloosa County; Henry B. Foster, Judge.

Bill by the Deal Lumber Company against J. G. Marcum, Codie Marcum, and W. M. Channell, to foreclose mortgage, etc. From a decree overruling a demurrer to the bill, W. M. Channell appeals. Affirmed.

R. H. Wright, of Tuscaloosa, for appellant.

The general description cannot prevail over the particular description. 76 Ala. 204, 210; 74 Ala. 382; 108 Ala. 563, 19 South. 798.

Harwood, McKinley, McQueen & Aldridge, of Tuscaloosa, for appellee.

Appellant having agreed, as a part of the purchase price, to pay the mortgage debt, he cannot question the validity of the mortgage or the description therein of the land. 61 Ala. 296; 82 Ala. 417, 2 South. 445; 47 Ala. 210. If from any part of the description the premises intended to be conveyed clearly appear, the conveyance will not be defeated, because other circumstances of description are added which are incapable of a definite application. 63 Ala. 284; 72 Ala. 39; 157 Ala. 230, 47 South. 565.

GARDNER, J. The bill in this cause, filed by appellee, the Deal Lumber Company, in substance and condensed form shows the execution of a mortgage, on certain real estate therein described, to said lumber company, by J. G. Marcum and wife, Codie Marcum, to secure the payment to appellee of a promissory note in the sum of $745.46, payable October 30, 1920; a sale of these lands by the Marcums to W. M. Channell (appellant), a deed being duly executed and delivered to that end on September 17, 1920; that said Channell expressly assumed and promised to pay the amount of the mortgage indebtedness due to appellee by said Marcum and wife as a part of the purchase money of the premises, which Channell has failed and refused to pay. The mortgagors are respondents to the bill, but make no resistance, and a decree pro confesso was entered against them. W. M. Channell, the purchaser from the mortgagors, is also made a party, and filed a demurrer. Decree was rendered, overruling his demurrer; and from this decree Channell has prosecuted the appeal.

The only ground of demurrer insisted upon is that taking the point that the description of the real estate in the mortgage, which is made an exhibit to the bill, is vague and indefinite, citing Hurt v. Freeman, 63 Ala. 335. It is insisted by counsel for appellee that as the only title acquired by appellant, according to the averments of the bill, was by his own agreement, on a full and fair consideration, subordinated to the mortgage, he is now estopped from disputing its validity, citing Kennedy v. Brown, 61 Ala. 297, and Bunkley v. Lynch, 47 Ala. 210. But we do not reach a consideration of this question.

There is in the mortgage both a general and particular description of the property. The general description is unquestionably entirely definite and certain, but the particular description is vague and indefinite. Counsel for appellant relies upon those cases holding that where there is a variance and repugnancy between a general and particular description, the general description will not prevail over the particular. Sikes v. Shows, 74 Ala. 382; Carter v. Chevalier, 108 Ala. 563, 19 South. 798. These authorities are not applicable, however, to the instant case, as appears from the following excerpts from 2 Devlin on Deeds (3d Ed.) §§ 1040, 1041:

"If a deed contains two descriptions, one general and the latter particular, and if the general is certain and the particular uncertain, the general description will prevail. * * *

"There is an apparent exception to be noted in cases where a general description will prevail over a particular one. These are cases where the particular description by metes and bounds is so uncertain that it is impossible to ascertain by reference to such description the particular parcel of land granted by the deed. But, as was aptly said by Mr. Justice Bigelow, this is not a case 'of two inconsistent descriptions, in which the general must yield to the particular, but of an uncertain and impossible description, which must be controlled by an intelligible though general description.'"

This principle was recognized in the following of our cases: Whitehead v. Lane, 72 Ala. 39; Sumner v. Hill, 157 Ala. 230, 47 South. 565; Clements v. Pearce, 63 Ala. 284.

The demurrer was properly overruled, and the decree will be here accordingly affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes