106 So.2d 876

**W. R. WITHERS**

v.

**C. A. BURTON.**

**2 Div. 387.**

Supreme Court of Alabama.

Nov. 20, 1958.

W. R. Withers, pro se.

O. S. Burke, Greensboro, and LeMaistre, Clement & Gewin and Perry Hubbard, Tuscaloosa, for appellee.

STAKELY, Justice.

This suit was filed in equity by C. A. Burton (appellee) against W. R. Withers (appellant), as a bill to quiet title to certain land situated in Hale County, Alabama. By amendment the complainant seeks to have the court fix the boundary line between the said parties as coterminus owners of the land. The suit involves a dispute over the boundary line between their respective lands. The respondent filed an answer and prayed that his answer be taken as a cross bill.

There is evidence in the case which tends to show that in 1906 one Simon Taylor became the owner of the "Malone Place"; that he cultivated the "Malone Place" including the land described in the bill of complaint every year that he owned it; that Simon Taylor owned the "Malone Place" and cultivated the land described in the bill of complaint for more than 20 years; that for approximately 70 years the hedgerow described as the northern boundary of the property in the bill of complaint was known and accepted as the boundary line between the "Malone Place" and the "Bob Martin Place"; that appellee's chain of title goes back to Simon Taylor, each intervening conveyance being of 78 acres known as the "Malone Place"; that appellant's chain of title goes back to Robert P. Martin; that the "Malone Place" contains 78 acres only if the land described in the bill of complaint is included in the "Malone Place."

The deeds submitted by complainant under which he claims title each calls for " '78 acres known as the Malone Place' and being the SW¼ of the NE¼, Section 5, Township 20, Range 5, less 2 acres off of the East side thereof; and the Southeast Quarter of the Southwest Quarter, Section 5, Township 20, Range 5."

However the land which complainant claims in this suit lies entirely north of the land described by government survey in his deeds. The same land was included in the deeds submitted by the defendant. The defendant showed a record title from 1881 to what is known as the "Bob Martin Place" and assessment and payment of taxes for more than twenty years.

In other words, this suit involves the boundary line between the "Malone Place" and the "Bob Martin Place". Defendant filed a suggestion to determine the disputed boundary line. The court issued a notice to show cause why a survey should not be made. No objection was made and the survey was made and a map thereof was filed as complainant's exhibit, which was also attached to the final decree. Briefly stated, the complainant showed title to the hedgerow shown on the map which runs west to east and borders on the Bates' Mill Road by adverse possession. Duke v. Wimberly, 245 Ala. 639, 18 So.2d 554.

The complainant admitted that the suit land was not described in his deed so far as the government numbers are concerned but claimed the suit land by adverse possession for more than twenty years. Other witnesses, who were of advanced years, testified that they were familiar with the two properties known as the "Malone Place" and the "Bob Martin Place" and were familiar with the boundary line dividing the two places and that the hedgerow to which reference has been made was the dividing line between the two places; that the complainant and his predecessors in title to the Malone Place had cultivated the land up to the hedgerow for more than twenty years and that no one disputed their possession up to the hedgerow; that from time to time they and previous owners had cut fire wood from the Malone Place.

Respondent offered also in evidence tax assessments made by the complainant since he purchased the land in 1943. In no one of these assessments is the property described as the Malone Place and not one of these described the suit property.

Respondent claims title, as we have stated, by deeds introduced in evidence and which show that he purchased the property by deed in 1943.

The case was tried orally before the court and the court entered a decree quieting title to the land in controversy in the complainant. The court further decreed that the respondent and cross complainant was not entitled to any relief prayed for in the cross bill. From this decree the respondent in the lower court brings this appeal.

■ There are five assignments of error each of which will be discussed by us separately.

I. The first assignment of error reads:

"The court erred in permitting complainant to introduce any evidence in the trial of this cause which tended to show possession in complainant of any of the land described in the bill of complaint, i. e., any land north of the northern boundary line of the SE¼ of the SW¼ and the SW¼ of the SE¼ of section 5, Township 20, range 5, Hale County, Alabama."

The reason for this assignment of error is that complainant placed in evidence as a source of his title a deed given to him by his mother, brothers and wives and sisters in 1943, which described the land as follows:

"Seventy-eight acres of land known as the Malone Place, and being the Southwest Quarter of the Southeast Quarter of Section 5, in Township 20, Range 5 East, less 2 acres off the East side thereof; and also the Southeast Quarter of the Southwest Quarter of Section 5, Township 20, Range 5 East, and being the identical land conveyed to the said Mamie M. Burton by Richard Taylor and wife Pearl Taylor by deed dated May 13th, 1935, and recorded in the Probate Office of Hale County, Alabama in Book All page 332."

Complainant introduced in all five deeds to show his and his predecessor's title, back to 1902. Each deed has the identical description and according to appellant's contention each deed contains two fatal words. The words are "and being". In other words, the grantors in each case not

only described the land as the "Malone Place" but then described it with particularity and by government numbers.

It is insisted that a general description such as "The Malone Place" cannot override a particular description where a conveyance described the premises by clear and definite metes and bounds. It is argued that since the government numbers are specific, the lands described by the government numbers are readily ascertained and the government numbers must prevail.

Pretermitting the contention by appellee that Assignment One is not in compliance with Supreme Court Rule I, Code 1940, Tit. 7 Appendix, we have reached the conclusion that the court was not in error in permitting the complainant to introduce the evidence complained of in Assignment One. In the case of Spires v. Nix, 256 Ala. 642, 57 So.2d 89, 92, this court reviewed the Alabama decisions with reference to conflicts between general and particular descriptions. This court in that case said:

"(5). It is true that sometimes a general description will yield to a particular one but, when so, the particular description must itself be accurate and precise and be of such character as that it was evidently intended to take precedence over the general description. That theory is emphasized in the case of Guilmartin v. Wood, 76 Ala. 204.

"In the case of Sumner v. Hill, 157 Ala. 230, 47 So. 565, the description under consideration was of the Hancock Place, followed by a more particular description by government numbers. The question in that case was whether the general description 'The Hancock Place' or the government numbers which followed should prevail. Since the government numbers did not embrace all of the Hancock Place, it was held that the term 'Hancock Place' is a sufficiently definite description without the aid of a more

particular one by government numbers, and the Court declared the principle to be applicable that where a deed of conveyance contains a general description which is definite and certain in itself and followed by a particular description, the latter will not limit or restrict the grant which is clear and unambiguous in the general description.

"To the same effect is Pendry [Pendrey] v. Godwin, 188 Ala. 565, 66 So. 43. The description there under consideration in the deed was of the place known as the ' "Jess Myers Place," described as follows' followed by government numbers. It was there observed that it was the manifest purpose of the grantor to convey to the grantee the Jess Myers Place, and that he did in effect convey the legal title to all that was known as the Jess Myers Place, and the fact that he described it by government numbers did not conclusively establish the description of the land by government numbers. Under those circumstances it was held, as it had been on a previous appeal, that the government numbers would be regarded as a misdescription. The Court thereby gave effect, without so expressing it, to the principle declared in Greenleaf on Evidence, represented by the Latin term *'Falsa demonstratio non nocet.'* (1 Greenleaf on Evidence (16th Ed.) 301). This principle is illustrated in 25 Corpus Juris 435, 35 C.J.S. Fallido-Falsario, p. 494."

The evidence tends to show that the land in question had been known as the "Malone Place" for many years. The words of the description are substantially identical to those in the case of Sumner v. Hill, 157 Ala. 230, 47 So. 565. As in the Hill case, the government numbers did not embrace all the "Malone Place". There are no words in the description which would limit or restrict the grant to less than all of the "Malone Place." The description of

the "Malone Place" is a sufficiently definite description without the aid of a more particular one by government numbers and was sufficient to convey to appellee the land known as the "Malone Place", including the land involved in this suit.

Assignment No. 1 is without merit.

II.   Assignment of error No. 2 reads as follows:

"The Court erred in overruling the motion of respondent to strike the amendment of complainant to the original bill of complaint."

■    Assignment of error No. 2 relates to the action of the court in overruling the motion of respondent to strike the amendment of complainant to the original bill of complaint.  This assignment of error seems to be based on the theory that the respondent cannot take contrary positions and where he has a right to choose one of two modes of redress and such modes are so inconsistent that the assertion of one involves the negation of the other, a deliberate and settled choice of one will preclude him from going back and electing again and such election is irrevocable without the consent of the opposing party to the change.  It is our understanding that the theory is that having nothing in his bill of complaint to quiet title against the respondent, the complainant cannot go back and have the court try the issue of a disputed boundary line.  In other words, by taking the first course the respondent is estopped to take the second course.  It is sufficient to say that if the defense of estoppel was available to appellant then the appellant should have set up the estoppel and alleged the facts upon which it was predicated by way of answer to the bill of complaint as amended and not by way of motion to strike the amendment.  Jones & Co. v. Peebles, 130 Ala. 269, 30 So. 564; Gulf Red Cedar Co. v. Crenshaw, 169 Ala. 606, 53 So. 812.

■    There is no contention by appellant that the amendment which he sought to strike related to a different subject matter or between different parties.  We have in this state a liberal rule with respect to amendments in equity and it seems to us clear that the amendment was entirely proper and permissible.  Farmer v. Hill, 243 Ala. 543, 11 So.2d 160; Equity Rule 28(d), Code of 1940, Title 7, p. 1070.  Besides the survey was authorized by statute.  Title 47, § 5 et seq., Code of 1940.

We consider that there was no error in the action of the court in overruling appellant's motion to strike the amendment to the original bill of complaint.

■    III.  Assignment of error No. 3 reads as follows:

"The Court erred in allowing respondent's witness G. E. Stokes to testify, over Defendants objection, as to boundary line after witness had answered 'I know where they told me it was.' "

This assignment of error does not charge that the trial court erred in overruling the objections to this testimony.  The trial court did not overrule appellant's objection.  On the contrary, the trial court sustained the objection when first interposed and when reinterposed later noted the objection in accordance with the procedure followed under Title 7, § 372(1), Code of 1940.  In the recent case of Miles v. Moore, 262 Ala. 441, 79 So.2d 432, 434, this court in discussing the effect of § 372(1), Title 7, Code of 1940, said:

"The course pursued by the trial court in failing to rule on objections interposed to evidence is in accord with the practice which prevails throughout this state in the trial of equity cases, which practice is in accordance with the provisions of law to which we have just referred above."

There was no error in the action of the court referred to in Assignment of error No. III.

■ IV. Assignment of error No. 4 reads as follows:

"The Court erred in rendering its decree on August 16, 1957, in favor of complainant and against respondent."

The witnesses testified orally before the court in this case. Under our practice we, accordingly, give a presumption of correctness to the findings of the trial court. Fox v. Webb, Ala., 105 So.2d 75. The evidence of these witnesses for the complainant shows that in 1906 one Simon Taylor became the owner of the "Malone Place"; that he cultivated the "Malone Place", including the land described in the bill of complaint, every year that he owned it, which was more than twenty years; that for approximately seventy years the hedgerow described as the northern boundary of the property described in the bill of complaint as the "Malone Place" was known and accepted as the boundary line between the "Malone Place" and the "Bob Martin Place"; that the complainant's chain of title goes back to Simon Taylor, each intervening conveyance being of 78 acres known as the "Malone Place"; that the respondent's chain of title goes back to Robert D. Martin; that the "Malone Place" contains 78 acres only if the land described in the bill of complaint is included in the "Malone Place".

■ It seems clear to us that Simon Taylor acquired title to the real estate by prescription over the period of time of more than 20 years during which he actively cultivated the disputed land each year. Once this prescriptive period had run, any interest appellant's predecessors in title may have had to this land was forever barred. Appellant does not claim any chain of title through Simon Taylor. The attack by appellant in this case is based upon his claim that the conveyances from Simon Taylor to complainant do not include a conveyance of the land described in the bill of complaint. We regard this contention as unsound. All the deeds describe the property as 78 acres of land known as the "Malone Place", followed, as pointed out, by government numbers. As we pointed out supra, in Spires v. Nix, 256 Ala. 642, 57 So.2d 89, it is apparent that appellant's contention that the complainant's deed did not convey the land described in the bill of complaint is untenable.

■ There is another fallacy in appellant's argument in connection with this assignment of error. Appellant claims that there can be no tacking of adverse possession in the absence of a deed particularly describing the disputed property. Such contention is without merit. For example in the cases of Holt v. Adams, 121 Ala. 664, 25 So. 716, and Oliver v. Williams, 163 Ala. 376, 50 So. 937, 940, it is held that such a conveyance is not a prerequisite of tacking. Those cases hold that in order to establish continuity of adverse possession which will ripen into title, it is not necessary that there be a conveyance by the prior possessor to the one subsequently claiming possession such as would be necessary to convey the legal title because "the privity required to establish continuity of adverse possession which will ripen into title may be effected by any conveyance or agreement, written or verbal, which has for its object a transfer of the rights acquired under the original entry. A transfer of possession alone, without written evidence of the transfer, is sufficient to create privity." This doctrine is reaffirmed in the case of Spires v. Nix, 256 Ala. 642, 57 So. 2d 89.

■ We do not think that Assignment of error No. 4 has any merit.

Assignment of error No. 5 reads as follows:

"The Court erred in rendering its decree of September 4, 1957, in which it refused the motion of respondent to set aside the decree rendered on August 16, 1957, and grant a rehearing in this cause."

The appellant has assigned as error No. 5 the action of the court in overruling his application for rehearing in this case. This assignment of error can avail the appellant nothing. Applications for rehearing in equity rest in the sound discretion of the trial court and when this discretion is exercised, it is not revisable either on appeal or by mandamus. In the case of Smith v. Bank of Blountsville, 262 Ala. 65, 77 So.2d 357, 359, this court said:

"(4) Rehearing, in equity, rests in the sound discretion of the trial court, and when the discretion is exercised, his discretion is not revisable, either on appeal or by mandamus. Ex parte Upchurch, supra (215 Ala. 610, 112 So. 202)." (Parenthesis supplied.)

We think it clear that the trial court did exercise its discretion and, therefore, assignment of error No. 5 presents nothing for review by this court.

We conclude that the decree of the lower court is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.