214 So.2d 333

**S. Tyre RUSSELL**

v.

**J. L. CRENSHAW.**

3 Div. 283.

Supreme Court of Alabama.

Sept. 12, 1968.

Goodwyn, Smith & Bowman, Montgomery, for appellant.

Crenshaw & Waller, Montgomery, for appellee.

LIVINGSTON, Chief Justice.

This appeal is from a decree of the Circuit Court of Montgomery County, Ala-

bama, in Equity. The appellant, S. Tyre Russell, filed a bill seeking an ex parte temporary injunction against J. L. Crenshaw et al. from further proceeding with the foreclosure sale of certain real estate situated in Montgomery County and praying that upon hearing the cause, the court would order an accounting between appellant and Crenshaw and determine that the indebtedness secured by an equitable mortgage lien now held by Crenshaw has been paid in full.

This equitable mortgage lien was originally held by the Peoples Bank & Trust Company of Montgomery, Alabama, and was transferred to Crenshaw by the bank.

In the interest of brevity, we refer to our recent decision in the case of Russell v. Russell, 270 Ala. 662, 120 So.2d 733, for an additional statement of facts bearing upon the equitable mortgage lien as well as other matters herein involved.

The basis of appellant's claim stems from a writing signed by Crenshaw and alleged by Russell to be a release of all indebtedness between himself and Crenshaw. The writing, which we here attempt to reproduce as fairly as possible, is as follows:

"Montgomery, Alabama
September 19, 1960

"Received $1700.00 to pay balance on accounts in full, and all claims by me against S. T. Russell.

Signed,
/s/ J. L. Crenshaw

"Witness:
/s/ Ethel W. Garrett
Notary Public"

Although the signature appearing in the writing is admittedly that of respondent, the writing has been materially altered as it appears on its face in that a comma was written over a period following the word "full," and the words "and all claims by me against S. T. Russell" were added at a later time.

A motion to strike the bill and a demurrer to the bill were interposed and both overruled by the trial court.

The respondent answered by denying the allegations of the bill and specifically denying that he had been paid in full or in part. the indebtedness of $25,750, with interest, secured by the equitable mortgage lien now owned by him. Respondent also alleged. that appellant was further indebted to him for an additional amount of $10,511, of which $8800 was paid by respondent to appellant's wife as surety on a supersedeas appeal bond for the appellant in his divorce suit, and the balance being the amount which respondent paid for Russell as costs of appeal in the divorce case of Russell v. Russell, supra.

For answer to the allegation that the writing here involved was a release of all indebtedness of the appellant to Crenshaw, the respondent alleged that the writing was merely a receipt showing appellant's reimbursement to Crenshaw for paying the court costs in Russell's divorce case appealed to this Court in which Russell was the loser.

The respondent filed a cross bill praying that the court ascertain the amounts. due from the complainant to the respondent and render appropriate relief.

The complainant's motion for a jury trial filed subsequently to the bill, as well as his motion for consolidation of this cause with pending Cause No. 36565, and the motion for rehearing based on purported newly-discovered evidence, were all considered and refused.

The testimony was heard ore tenus by the trial court and the decree rendered for respondent Crenshaw. It is from that decree that this appeal is taken.

█ All the evidence considered, there is ample evidence which substantially supports the trial court's findings. In particular, we point out Mr. Crenshaw's testimony that Russell paid him interest on the debt of some $27,000 on two occasions following

the signing of the alleged release, which, if believed by the trial court as it must have been, established beyond question Russell's recognition of continuing existing indebtedness to Crenshaw, as well as Russell's complete understanding that the writing herein involved was merely a receipt for payment of one particular debt (court costs) and not a release of all indebtedness by him to Crenshaw.

There are 22 assignments of error.

Assignments 1 and 2 are based on the refusal of the trial court to grant a rehearing in the cause. Application for rehearing in equity rests within the sound discretion of the trial court, and when such discretion is exercised it is not reviewable either by appeal or by mandamus. Withers v. Burton, 268 Ala. 365, 106 So.2d 876.

Assignment of error 3 is not argued in brief and is therefore waived.

Assignment of error 4 asserts error in the failure of the trial court to consolidate this case with Case No. 36565 pending in the Circuit Court of Montgomery County, in Equity. The consolidation was discretionary and we find no abuse of discretion.

Assignments of error 5 and 6 also raise questions within the sound discretion of the trial judge, the question of granting a jury trial of the issues of fact. We find no abuse of discretion.

Assignments of error 7, 8, 9 and 10 simply question the sufficiency of the evidence. When considered with respondent's evidence, we are in accord with the trial court and hold that the evidence was not sufficient to prove the allegations of the bill of complaint.

Assignments of error 11, 12, 13, 17, 18, 19 and 21 also question the sufficiency of the evidence one way or another. The evidence was heard by the trial court ore tenus. The tendencies of the evidence were conflicting. The trial court's findings in such a case will not be disturbed unless palpably wrong or unjust. Hall v. Hall, 280 Ala. 275, 192 So.2d 727.

Assignment of error 14 complains of the dissolution of the temporary injunction, and assignments of error 15 and 16 complain of the trial court's refusal to make the injunction permanent.

Having determined that the equitable mortgage lien had not been paid, it was entirely proper to dissolve the temporary injunction and not make it final.

The admission of parol evidence in this case, some brought out by the appellant himself, was not error and assignments of error 20 and 22 are without merit. In determining the validity of a contract on which an action is brought, the writing does not preclude the party to be charged from showing the true character of the transaction. Robertson v. Robinson, 65 Ala. 610, 39 Am.Rep. 17.

Having considered all the argued assignments of error and finding no merit in any of them, the decree of the lower court is due to be affirmed.

Affirmed.

LAWSON, MERRILL and HARWOOD, JJ., concur.