248 So.2d 581

**Fred H. BRASSELL**

v.

**Margaret BRASSELL.**
**3 Div. 32.**

Court of Civil Appeals of Alabama.

May 19, 1971.

Elno A. Smith, Jr., Montgomery, for appellant.

No brief from appellee.

BRADLEY, Judge.

This appeal arose from a final decree which granted a divorce to appellee.

Appellee filed suit on June 24, 1970 against appellant, seeking a divorce on the ground of cruelty. Appellant filed an answer thereto and requested a final hearing thereon.

Appellee's attorney asked for and was granted a continuance due to appellee's confinement at Bryce Hospital.

Thereupon, appellant on August 26, 1970 filed a cross-bill seeking a divorce from appellee on the grounds of cruelty, adultery and habitual drunkenness. Service was not perfected on appellee, for the reason that she was still at Bryce Hospital.

The trial court set the matter for hearing on October 7, 1970, and on that day there appeared in open court, appellee, her attorney, and appellant's attorney.

Appellant's attorney asserts in brief that he requested a continuance at that time so that he might get appellant into court, but the court denied said request. After careful search of the record filed in this court, we are unable to find any request for continuance or any order thereon, nor do we find in said record an objection to the trial of said case because the matter was not at issue.

The cause was heard by the court on the bill of complaint, answer thereto, cross-bill of complaint and the oral testimony of appellee.

A final decree of divorce was granted to appellee on October 14, 1970.

On October 9, 1970 appellant filed a petition for a rehearing; this was denied on November 5, 1970. An appeal was then filed on November 18, 1970 from the final decree of divorce entered on October 14, 1970.

The three assignments of error are directed to the trial court's order denying the petition for rehearing.

The grounds of the petition for rehearing asserted that the case was not at issue when it was tried because appellee had not answered appellant's cross-bill of complaint.

In support of his contention that the case was not at issue, appellant cites us to Equity Rule 26, Appendix, Title 7, Code of

Alabama 1940, as Recompiled 1958, which provides, in part, as follows:

"* * * It shall not be necessary to issue a summons or a copy of the cross-bill to any defendant to a cross-bill who is a plaintiff in the original bill. The party complainant or defendant, as to whom such new matter is alleged, must make answer thereto under the rules and regulations provided for the answers of defendant to original bills."

We are prevented, however, from considering appellant's contentions as to the applicability of *Rule 26*, supra, for the reason that the ruling of the trial court denying the petition for rehearing cannot be reviewed by appeal or mandamus. Equity Rule 62, Appendix, Title 7, Code of Alabama 1940, as Recompiled 1958; Withers v. Burton, 268 Ala. 365, 106 So.2d 876.

The only time that the trial court's ruling on a petition for rehearing can be reviewed is where the trial court modifies the original decree. Equity Rule 62, supra; Whiteport v. Whiteport, 283 Ala. 704, 220 So.2d 891.

While the record reflects that appellant did not appeal from the denial of the rehearing by the trial court, but appealed from the final decree rendered on October 14, 1970, his assignments of error were all directed to the petition for rehearing and the action of the trial court in denying it.

For us to consider these assignments of error, in effect, would be permitting appellant to do indirectly what he cannot do directly.

As we said before, the record is devoid of any request for continuance, and it fails to reveal any reviewable objection as to whether said cause was at issue.

Notwithstanding our efforts to logically arrive at a legal conclusion, the issue before us has been settled by the Supreme Court in Whitman v. Whitman, 253 Ala. 643, 46 So.2d 422, wherein it held that assignments of error questioning the denial of a rehearing in an equity case where the appeal had been taken from the final decree were not subject to review in said court.

No reversible error having been argued, this case is affirmed.

Affirmed.