310 So.2d 879

**William HINTON**

v.

**Rathma C. NELSON et al.**

**SC 848.**

Supreme Court of Alabama.

April 3, 1975.

D. Coleman Yarbrough, Montgomery, for appellant.

T. R. Ward, Halstead, Whiddon & Woodham, Abbeville, for appellees.

cretion is exercised to deny an application, that action is not reviewable on appeal. Russell v. Crenshaw, 283 Ala. 59, 214 So.2d 333; Withers v. Burton, 268 Ala. 365, 106 So.2d 876. See also ARCP 59(a) and comments. This decision is rendered under authority of Code of Ala., Tit. 13, § 66.

Appeal dismissed.

HEFLIN, C. J., and BLOODWORTH, FAULKNER and ALMON, JJ., concur.

310 So.2d 879

**Mildred E. WILKINS**

**v.**

**Robert I. FERGUSON.**

**SC 970.**

Supreme Court of Alabama.

March 27, 1975.

EMBRY, Justice.

. This appeal is taken by plaintiff below, Hinton, from a "Decree" denying his "Motion For Rehearing." Defendants (appellees) filed a "Motion to Strike" (assignments of error) and "Motion To Dismiss" (the appeal). Grounds of the motion to dismiss included one asserting that the decree is not reviewable on appeal.

Hinton filed a bill to contest a will, pursuant to Code of Ala., Tit. 61, § 64. Upon his failure to appear for the hearing of that contest a decree was entered dismissing the bill. Hinton filed his motion to set aside the decree of dismissal. He failed to appear for a hearing of that motion; as a consequence an order was entered denying his motion. He then filed a motion for rehearing. At a hearing of the latter motion, testimony was taken before the trial judge. Following that hearing, the decree was entered from which this appeal is taken.

Granting or denying an application for a rehearing rests within the sound discretion of the trial court. When such sound dis-